3-20-0018 People of the State of Illinois, Apolli v. Antonio Coaxum, Appellant. Good afternoon. Good afternoon, Your Honors. My name is Andrew Boyd from the State Appellate Defender's Office on behalf of the defendant, Antonio Coaxum, if it pleases the Court and Counsel. This case presents several procedural issues that are related to post-conviction proceedings and to post-conviction counsel. In this case, it can be resolved fairly easily, Your Honors, by focusing on two of these issues. And the first of those is that a retained post-conviction attorney has no obligation to explain why a petitioner's pro se petition is meritless before withdrawing from the case. The second of those issues follows from the first. Under the Post-Conviction Hearing Act, when a post-conviction petition is at the second stage of proceedings, like it was here, Antonio was entitled to appointed counsel if he wanted one but couldn't afford one. And once Antonio realized that his retained attorney was going to withdraw, he asked the Court for an appointed attorney. He did that twice. He did that once in a letter to the Court, and then he also later filed a motion with the Court in which he provided an affidavit and indicated that he was indigent. So at that point, this should have been a fairly simple matter where the Circuit Court should have allowed retained counsel to withdraw, should have appointed the public defender for Antonio, and the case should have proceeded normally from that point forward, but that didn't happen. Excuse me, Mr. Boyd, didn't retained counsel relate his reasons for withdrawing from the case as it related to the sufficiency of the defendant's petition? He did, but he didn't have to or he should not have had to, Your Honor. That's one of the arguments that we've made is that because post-conviction counsel here was retained as opposed to appointed, counsel should not have been put in a position where he was forced to explain why the petition was or was not meritless. Retained attorneys are allowed to withdraw for a number of different reasons, having nothing whatsoever to do with the merits of the case. If retained counsel here simply wasn't being paid, and that's one of the assertions that retained counsel made in his motions to withdraw that he wasn't being paid, he can be allowed to withdraw at that point. Or if, for example, as was the case here, there's a fundamental disagreement on how to proceed, retained counsel should simply be allowed to withdraw. But to answer your question, Your Honor, yes, finally, after a number of different hearings, the Circuit Court put retained counsel sort of with his back against the wall, so to speak, and counsel finally did say, yes, Your Honor. These affidavits submitted by Mr. Coxum are insufficient, at least in my view, and that's part of the reason that I'm moving to withdraw. So, yes, that's the answer to your question. So, the first of the errors that we've identified is that, again, the Circuit Court treated Antonio's private attorney like an appointed attorney when counsel was trying to withdraw from the case. And what I'd like to do initially here, Your Honor, is address a portion of the state's arguments on this sub-issue. And one of the state's sub-arguments here is that, well, these Supreme Court cases that are directly on point, by that I mean Greer and Cooner, the state argues that these cases apply to both retained and appointed counsel. And if you read these cases, these cases apply to appointed post-conviction attorneys. That's what these cases are examining. It's the propriety, first of all, of whether an appointed post-conviction attorney should be allowed to withdraw at all. That's Greer. And in Cooner, well, when this post-conviction petition is moved to the second stage on the merits, what would appointed counsel have to do in order to be allowed to withdraw? And so, the state's argument, the state says, well, these cases don't draw any distinction between retained and appointed counsel. That argument's a red herring, Your Honors. Of course, that's true, but it's necessarily true and it doesn't tell us very much because that's what these cases were about. These cases were about the duties of appointed counsel. And my research, Your Honors, has uncovered no other case law expressly saying that Greer and Cooner apply to retained counsel, and the state hasn't cited any case law other than Greer and Cooner itself. So, this Court should reject the state's invitation to rewrite these two cases to apply to both retained and appointed counsel. That would be a mistake. So, right here, the Circuit Court, with all due respect to it, simply made a mistake. The Court seemed not to realize that counsel here was retained as opposed to appointed and pushed counsel over a series of hearings into a position where he finally was forced to make some statements about the merits of the case. And that's where we want to draw a distinction between retained counsel and appointed counsel, particularly in post-conviction proceedings. There's a fundamental difference between retained counsel and appointed counsel. If an appointed counsel, for whatever reason, finds a case frivolous, counsel has to take some sort of action. Counsel can't simply withdraw. A retained attorney can withdraw, again, simply for reasons, look, I'm not being paid, my clients are not paying me, I'm going to withdraw. Or there's a fundamental disagreement. There's some sort of fundamental misunderstanding, something of that nature, between myself and my client, and I should be allowed to withdraw as retained attorney. That's okay, but as an appointed attorney, it's not. What an appointed attorney has to do is take some sort of positive concrete action. And if appointed attorney is going to withdraw, that's where counsel has to file this motion explaining why the petition is meritless. Retained counsel shouldn't have had to do that here. So that's the first error. That leads us right into the second and equally significant error, and this is where this becomes reversible error. Antonio learns that retained counsel is going to withdraw, and he informs the court. Again, he does this twice. He writes the court a letter, then he writes the court a motion, and with the motion, he says, look, I'm indigent, I don't have any money, I'm imprisoned. And under the Post-Conviction Hearing Act, it's clear that at the second stage of proceedings, which is where this case was, if a petitioner is indigent and a petitioner requests counsel, the statute says counsel shall be appointed. It doesn't say may be appointed, it says shall be appointed. And we can take a look at the Leslie case, which I've cited in my brief, the 2018 Illinois Supreme Court case, that says essentially the intent of the Post-Conviction Hearing Act is that a petitioner will be represented by counsel at the second and third stage of post-conviction proceedings. Well, this case was at the second stage of post-conviction proceedings and counsel had withdrawn. The court should have appointed counsel. The court never should have pushed Antonio in a position where he was forced to represent himself. And that led us, Your Honor, in this case, to this sort of procedural mess where Antonio, with his back against the wall, turns to a paralegal. The paralegal drafts a response to the state's motion to dismiss the petition. Antonio invites the paralegal to the hearing on this motion. The paralegal attempts to argue for Antonio. The circuit court won't allow him to do so. And so we have this whole procedural sort of mess that follows from these two errors. And if the circuit court would simply have routinely appointed counsel after withdrawal of retained counsel, then we have a public defender representing Antonio. The case proceeds routinely to whatever conclusion there might have been. But that procedure is short-circuited. Number one, by the circuit court's apparent misunderstanding that counsel was retained, which leads us into the second error where the court doesn't appoint counsel for Antonio. There's also a third issue that I'd like to briefly discuss. And this is a related but also a distinct error in that we have private counsel's failure to comply with Rule 651C. So the court's first error here, the court pushes retained counsel against the wall. What's wrong with this petition? Counsel finally says, well, the affidavits are inadequate. I felt that Antonio should have presented the proper affidavits, says counsel. Well, no, with all due respect to counsel, it's not Antonio's job to provide these affidavits or to procure these affidavits or to obtain these affidavits. It's counsel's job to do that. Counsel has the responsibility and under well-established precedent to comply with Rule 651C to amend the petition to adequately support Antonio's pro se claims. And part of that is obtaining affidavits if they're necessary to support the claim in the petition. Well, here they were. The affidavits were necessary and counsel didn't do that. Mr. Boyd, there were affidavits attached to the petition, correct? There were. There were. Yes. What would have been proper affidavits? Well, that's a fair question. And I can speculate on that. But the reason it would only be speculation is because during this hearing where counsel finally was able to be allowed to withdraw, counsel only said, well, the petitions are inadequate. Counsel didn't say why. He just says petitions are inadequate. Circuit Court finally says, OK, counsel, you can go ahead and withdraw. My reading of these affidavits is that they don't quite say what Antonio hopes or thought that they would say. And I'm just looking back to his post-conviction petition that alleges actual innocence. And what he's arguing is what he argued at trial was that while he was compelled to commit this armed robbery, he was a confidential informant for the police. He alleges that certain high ranking members of a gang found out about this and compelled him to commit this armed robbery to show that that he was not a confidential informant and he was going to be threatened with harm. He was going to be threatened with harm or his family was going to be threatened with harm or even death if he didn't commit this robbery. So he says at trial, I've been compelled to do this. Well, of course, the jury doesn't buy that. So what Antonio does or at least attempts to do in this post-conviction petition is to provide some affidavits from three witnesses who say something generally like. There was a gang plot to kill an individual known as Tony Ron. Well, the implication here is that Tony Ron is Antonio. But these affidavits and again, I'm just speculating in order to answer your honest question, but my speculation is that. Council took a look at these affidavits and thought, gosh, it doesn't even mention Antonio specifically. These affidavits don't. At least in counsel's mind, really establish. Antonio's actual innocence. So counsel says to himself, I'm speculating. We need more specific affidavits, specifically naming Antonio, specifically outlining the nature of this plot, naming names, something like that. We need a lot more specificity, I think, is what retained counsel probably thought, and that's probably why retained counsel thought these were inadequate. But again, circle back to answer your question. Yes, there were affidavits, but counsel believed them to be inadequate. And I don't think counsel was wrong about that, but it was counsel's job to go ahead and talk to these people. Antonio specifically identified these three individuals, and it was counsel's job at that point to go ahead and reach out to these individuals and talk to these individuals to see if their claims could be substantiated and further specified. And if they could, well, great for Antonio, then we can go ahead and counsel can talk to these people. Counsel can sit down with these people and draft a much better, more specific affidavit that might go further towards establishing Antonio's actual innocence. But counsel doesn't do that. Counsel doesn't do that. He simply says it's Antonio's job to do that. So that's the third error that we're pointing to is counsel withdraws, but he withdraws without complying with Rule 651C. So just to wrap up, Your Honors, what we're arguing is that there's been a number of procedural errors here. This could have been very quickly and very easily remedied if the court had simply provided an appointed attorney for Antonio when retained, counsel withdrew. And we're asking the court respectfully to reverse the judgment of the circuit court to remand this case for further postconviction proceedings with the appointment of new counsel. So if there's no more questions, Your Honors. Are there any questions? Thank you, Mr. Boyd. Ms. Bella, if you're ready, you may proceed. Good afternoon and may it please the court. My name is Jamie Bella on behalf of the people of the state of Illinois. After defendant's convictions for armed robbery and unlawful possession of a weapon by a felon were affirmed on direct appeal in this court, defendant filed a pro se postconviction petition asserting a claim of actual innocence. Defendant's petition was docketed for second stage proceedings after a year had passed due to more than 90 days elapsing from the time the petition was filed. Defendant's postconviction counsel was granted leave to withdraw and his petition was later dismissed. The defendant argues now that through the postconviction proceedings in this case that the trial court made a number of significant and reversible procedural errors. And in defendant's argument, the three errors that are identified is the first one, which is in regards to the court's inquiry, more or less, into counsel's reasons for withdrawal. The second was that counsel failed to comply with Rule 651. And the third was that the trial court erred by not appointing new counsel for defendant. And as defendant did in argument, I'm going to take them a little bit out of order from the way that they appear in the briefs. Simply because I believe that as far as significant issues, I believe that the third one is the one that is the most significant allegation regarding the trial court's failure to appoint successor counsel. So with regards to that claim, as you know, the state maintains that counsel complied with Rule 651C and that the trial court didn't, it was not improper for the trial court to request counsel's reasons for withdrawing. As defendant notes in his initial brief, that this court in People v. Hayes noted that when the attorney withdraws in compliance with Greer, by complying with Rule 651 and providing his motion for withdrawal, that the court is not required to appoint new counsel. So in the state's argument, we maintain that the counsel's compliance with Rule 651, although it's not present in the certificate, is apparent in the record. And the counsel did provide his explanations to the trial court with regards to why he was withdrawing. Now... I'm sorry. I'm sorry I couldn't... I'm sorry. What were his explanations? Counsel filed an amended motion afterwards, after the court asked him to amend the motion. And in the motion, he reasserted his paragraph relating to defendant's failure to fulfill financial obligations. And then the second allegation was changed to that when client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement. At the hearing, the court asked the defendant, I'm sorry, defendant's counsel, if he reviewed the current status of the post-conviction petition, consulted with the client, and reviewed the record, and determined that amending the petition is not appropriate or that the current petition is not appropriate. And counsel responded that the petition was not appropriate because it lacks the proper affidavits. So between those two things, those motions, as well as his comments in court, those are essentially his reasons for withdrawing. Does that answer your question? Turning to... I'll just quickly go over the argument related to the court's inquiry into counsel's reasons for withdrawing. I don't believe that this argument... I believe that this is just more of a difference of an interpretation. So because the court in that case does not make a distinction between appointed and retained counsel, defendant's argument on appeal is that it does not apply to retained counsel. And therefore, the trial court, it was improper on its own for the court to ask counsel to give those explanations. However, as in defendant's third argument regarding reappointment of new counsel after counsel withdraws, defendant notes that under Rule 651, according to this court's decision in Hays, that the duty requires compliance with Rule 651, including to fully explain why he believed the defendant's petition was meritless. So with those two requirements enunciated in Hays and defendant's argument on appeal that that first rule applies, his argument that the trial court erred by asking for that explanation is just kind of... So in his third argument, he's saying that counsel should have been appointed because his retained counsel did not give a sufficient explanation. But in his first argument, he's saying that it was error in the first place to ask for the explanation at all. So just trying to weigh those two things together makes it a little bit complicated. And the state submits that the reason that the explanation is important is specifically related to the decision that we're discussing in Hays, is because the court asks the reasons because the response to that question dictates whether or not new counsel must be appointed. And so defendant's argument that the trial court erred by not appointing new counsel necessarily puts this decision in the crosshairs of whether counsel should have or was required to give an explanation for his reasons for withdrawing. And the state notes that when he gave his explanation, he stated his compliance and found that the affidavits were not sufficient. So turning to the second argument, which is counsel's overall compliance with Rule 651, there's a lot of speculation with regards to this argument here where counsel states that, and I said, unless he gets new affidavits, which he has not done, that I could not proceed legally forward. And as Your Honor noted in asking the question, that there were affidavits, five in total, that were attached to defendant's initial petition. Two of them, the first one is from the defendant himself, and it doesn't offer an affidavit from a third party. Another one is from a paralegal named Eugene Horton, who essentially, he speaks to his investigation efforts regarding the case. The other three affidavits are the ones that are kind of the most significant in this issue. And that's from Michael Smith, Robert Cooley, and Brendan Duchesne. And each of those affidavits, what is stated with regards to a petition that is alleging a claim of actual innocence, none of these three affidavits allege information that would live up to the standard that's required to succeed on a claim of actual innocence. So the petition from Michael Smith discusses somebody, so Moe D, Demetrius Harper, which is the gang leader, said that he wanted to make some money and asked him to go and shoot the two people in a green car. And then the Robert Cooley states that he approached the Knoxville Food Mart and was flagged down by two men. The regular sized man had a handgun, and the fat man said, don't shoot, that's not Tony wrong. And then the third one from Brendan Duchesne talks about overhearing a conversation about two people framing a guy named Tony wrong. So just looking at these affidavits, all of these affidavits provide information that is just a recitation of the defense that was raised at trial, which was compulsion. And when the petitions or when the affidavits fail to present evidence that vindicate or exonerate defendant, then the affidavits are not sufficient. So when it is more likely, based on reading these affidavits, the comments in trial and looking at the filings in this case, while counsel's speculation regarding what counsel most likely thought, what's more clear here is that the affidavits do not provide sufficient support for a claim of actual innocence. And while it is true that counsel is required to obtain affidavits from witnesses identified in the petition, as is clear from the record, all of the petitions that from all of the witnesses that are identified in defendant's petition are included. The fact that those petitions or those affidavits do not present evidence that's sufficient to support a claim of actual innocence does not render counsel's performance insufficient. There's also no allegation that the petitions were defective in some ways, such as not having proper signatures, not having proper dates. So there's nothing that's been identified as far as counsel's failure to render his service in that regard. So because counsel complied with Rule 651C and he provided his explanations for why he was withdrawing, the court was not required to appoint new counsel on defendant's petition. So for those reasons, the state asks that this court affirm the trial court's dismissal of defendant's petition for post-conviction relief. Thank you. Are there any questions? Thank you, Ms. Mello. Thank you. Mr. Boyd, you have the opportunity to reply if you're ready. Thank you. Thank you, Your Honor. So what I'd like to say, it's either the case that retained counsel was required to explain what was substantively wrong with Antonio's petition or retained counsel was not required to do so. Either way, new counsel should have been appointed for Antonio when he asked. And the reason is, well, if he was required to do so, if retained counsel was required to do so, if we're going to say that Rear and Cooner apply to retained counsel, this court shouldn't do that. We've explained why this court shouldn't do that in our briefs in my initial argument, but if this court does hold that, then okay, these reasons have to comply, have to show compliance with Rule 651C, and we don't have that here. And it's clear that we don't have that here because counsel, frankly, and I hate to sound disrespectful to counsel, but counsel didn't do his job. Counsel has got to go out and talk to these folks. Antonio identified three specific people who had three specific stories to tell about his case. Counsel didn't go out and he didn't talk to these people. Counsel did not comply with Rule 651C. That's basic and it's fundamental and it's clear. So if counsel was required to explain his reasons to withdraw, then he was required to comply with Rule 651C, he didn't do that. That takes this case out of the realm of Hays and it puts us squarely into a situation where new counsel's got to be appointed. If, on the other hand, this court says, okay, Greer and Cooner do not apply to retain counsel, which is what the correct decision would be, then it very easily flows from there that new counsel has to be appointed because we're at the second stage of post-conviction proceedings. The statute says very clearly if somebody is indigent and requests counsel at the second stage, then counsel shall be appointed. So either way, this court would like to come down on the question of whether or not Greer and Cooner apply to retain counsel or not, new counsel should have been appointed for Antonio. And Antonio should never have been left twisting in the wind like he was by the circuit court. And I believe that this was certainly wasn't anything maliciously done by the circuit court, this was just a simple mistake. But what it led to was almost circus-like in that we have this paralegal drafting replies to the state's motion to dismiss and we have this paralegal attempting to approach the bench. That could and should have been avoided and all the circuit court had to do was to appoint counsel for Antonio, in this case for Seas, routinely to whatever the conclusion might have been. And these are reversible errors, Your Honor, for the reasons that we've described in our opening briefs, our reply briefs, and here. So unless there's any other questions, Your Honors, I would again ask that this court reverse the decision of the circuit court, remand the case for further second stage post-conviction proceedings to include, this time, the appointment of new counsel. Thank you, Your Honors. Thank you. Any further questions from the panel? Mr. Boyd, thank you for your reply. Counsel, thank you for your arguments today. The matter will be taken under advisement and a written order will issue as soon as possible.